FILED
2010 Jan-11  AM 11:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GARY MILLS,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-08-BE-2333-S** |
| | ] | |
| **JEFFERSON COUNTY RACING** | ] | |
| *doing business as* **The Birmingham Race** | ] | |
| **Course,** | ] | |
| | ] | |
| **Defendant.** | | |

## MEMORANDUM OPINION

This case comes before the court on "Defendant Jefferson County Racing Association's Motion for Summary Judgment" (doc. 18).  The parties have fully briefed the motion.  Defendant asserts that the record does not contain genuine issues of material fact and that it is entitled to judgment as a matter of law on Plaintiff's slip-and-fall claim.  The court has considered the parties' filings and the applicable law.  For the reasons stated below, the court DENIES the motion for summary judgment (doc. 18) because the record contains genuine issues of material fact.

## FACTS

The following facts are viewed in the light most favorable to the non-moving party, *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999), and are the facts only for summary judgment purposes.

Plaintiff Gary Mills slipped and fell in a puddle of water while visiting the Defendant Birmingham Race Course.  The Defendant knew that the puddle was on the floor, but failed to

1

adequately warn its patrons of the danger.  As a result, Plaintiff Mills did not see the puddle

before he fell.  Plaintiff Mills heard someone shout a warning regarding the puddle, but the

warning was not adequate because he heard it at the same time that he fell.  As a result of his fall,

Plaintiff experienced pain and suffering, mental anguish, and out-of-pocket expense damages.

### Standard of Review

Summary judgment is an integral part of the Federal Rules of Civil Procedure.  Summary

judgment allows a trial court to decide cases when no genuine issues of material fact are present

and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  When a

district court reviews a motion for summary judgment it must determine two things: (1) whether

any genuine issues of material fact exist; *and if not*, (2) whether the moving party is entitled to

judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of

the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The moving party can meet this burden by offering

evidence showing no dispute of material fact or by showing that the non-moving party's evidence

fails to prove an essential element of its case on which it bears the ultimate burden of proof.

*Celotex*, 477 U.S. at 322-23.  Rule 56, however, does not require "that the moving party support

its motion with affidavits or other similar materials *negating* the opponent's claim."  *Id.*

Once the moving party meets its burden of showing the district court that no genuine

issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that

there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).   In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial*.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e), 28 U.S.C. app. ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.").  The non-moving party need not present evidence in a form admissible at trial; however, he may not merely rest on the pleadings. *Celotex*, 477 U.S. at 324.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden" to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party.  *Anderson*, 477 U.S. at 254; *Cottle v. Storer Commc'n, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988).  The court must refrain from weighing the evidence and making credibility determinations, because these decisions fall to the province of the jury.  *See Anderson*, 477 U.S.

3

at 255; *Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000); *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Graham*, 193 F.3d at 1282. The non-moving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56.

## Discussion

Plaintiff's diversity personal injury claim arises from his slip-and-fall at the Birmingham Race Course. While at the race course, Plaintiff Mills was a business invitee; therefore, the Defendant owed him "a duty to exercise reasonable care in maintaining its premises in a reasonably safe condition." *Hale v. Sequoyah Caverns & Campgrounds, Inc.*, 612 So. 2d 1162, 1164 (Ala. 1992). To recover, Mills must show 1) that his fall resulted from a defect or instrumentality on the premises; 2) that the defect was the result of the defendant's negligence; and 3) that the defendant had notice of the defect before the time of the fall. *Id.* The Defendant does not dispute that its employees had notice of the puddle or that the Plaintiff slipped and fell in a puddle of water. Defendant contends that it was not negligent because it gave Plaintiff an adequate warning and Plaintiff knowingly walked into a hazardous area.

The Eleventh Circuit has long recognized that premises liability claims generally contain questions of fact for a jury to determine. *See Standard Oil Co. v. Burleson*, 117 F.2d 412, 413

(5th Cir. 1941).[1]  Instead of demonstrating that the record does not contain genuine issues of material fact, the Defendant argues that it was not negligent because it adequately warned the Plaintiff of water on the floor before the fall and thus fulfilled any duty owed to the Plaintiff. Defendant also claims that the Plaintiff was contributorily negligent or assumed the risk when he entered a known hazard area and failed to exercise reasonable care for his own safety.  However, Plaintiff contends, and at the summary judgment stage the court must accept as true, that he was not aware that the floor was wet and that the warning came too late.[2]

Summary judgment is not appropriate in this case because the parties dispute whether the Defendant warned the Plaintiff before he fell– Plaintiff claims he fell and heard a warning *simultaneously* while Defendant claims Plaintiff heard a warning *before* he fell.  Further, according to the Plaintiff, he did not see any water on the floor or any of the Defendant's employees before he fell; thus, the facts raise questions for the jury as to whether the Plaintiff had knowledge that the water was on the floor.  Defendant's arguments to the contrary do nothing more than create genuine issues of fact and thus preclude summary judgment.

## CONCLUSION

The court finds that the record contains genuine issues of material fact; therefore, the

---

[1]After the Fifth Circuit split and the Eleventh Circuit was established, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

[2]Defendant argues that inconsistencies in the Plaintiff's testimony are contradictory and therefore Plaintiff's testimony is not supported by substantial evidence; however, any inconsistencies go toward Plaintiff's credibility and not whether his claims are sufficient to withstand a motion for summary judgment.

court DENIES the Defendant's motion for summary judgment.

DONE and ORDERED this 11th day of January, 2010.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE